UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN W. LOWN, | CASE NO. C09-1697-MAT |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| LINDA HANNUM LOWN, Personal Representative of the Estate of Jeffrey K. Lown, | |
| Respondent. | |

This matter comes before the Court sua sponte.  On November 2, 2009, petitioner Brian Lown filed a Petition to Invalidate Marriage in King County Superior Court, in addition to the pending Will Contest and Petition for Declaration of Interest in Nonprobate Assets filed under the same case number, 09-4-00348-1 SEA.  (Dkt. 1, Exhibit A.)  Respondent Linda Lown subsequently removed only the Petition to Invalidate Marriage on November 30, 2009, based on diversity jurisdiction.  (Dkt. 1.)[1]

---

[1] Currently, there is a motion pending to vacate the order for petitioner to appear *pro hac vice* (Dkt. 24) and a motion by petitioner's counsel to withdraw (Dkt. 26) pending in the

ORDER TO SHOW CAUSE
PAGE -1

The Court, having reviewed the record and having construed the allegations of the complaint liberally, *see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), questions whether Petitioner's complaint states a claim upon which relief can be granted in federal court. In particular, the allegations of the complaint raise issues that appear to fall squarely within the domestic relations exception to federal jurisdiction. *See Atwood v. Fort Peck Tribal Court*, 513 F.3d 943, 946-47 (9th Cir. 2008) ("The Supreme Court has long recognized that, when the relief sought relates primarily to domestic relations, a doctrine referred to as the domestic relations exception divests federal courts of jurisdiction."). As the Ninth Circuit has stated:

> [T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States. . . . In keeping with this principle, federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife.

*Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) (internal citations and quotation marks omitted). The Ninth Circuit has also held:

> [T]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (*quoting Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983)).

---

federal action. These motions are re-noted for consideration on April 9, 2010, with the parties' response to this order.

ORDER TO SHOW CAUSE
PAGE -2

01 | For the foregoing reasons, the parties shall SHOW CAUSE why the Court should not decline to
02 | exercise jurisdiction over the above-captioned matter and remand this case to state court.  If
03 | Petitioner is asserting claims that would not require this Court to determine the status of
04 | husband and wife, Petitioner must state the facts giving rise to such claims.  Failure to respond
05 | adequately may result in the dismissal of Petitioner's case without prejudice and remand to state
06 | court.  The parties shall respond to this Show Cause Order **no later than Friday, April 9,**
07 | **2010**.

DATED this 12th day of March, 2010.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge
ORDER TO SHOW CAUSE
PAGE -3