UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| BRIAN W. LOWN, | ) | CASE NO. C09-1697-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER DENYING MOTION TO |
| | ) | WITHDRAW AND MOTION TO |
| LINDA HANNUM LOWN, Personal | ) | VACATE ORDER ON APPLICATION |
| Representative of the Estate of Jeffrey K. | ) | TO APPEAR PRO HAC VICE |
| Lown, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Respondent Linda Hannum Lown seeks to vacate the order granting petitioner Brian Lown's application for leave to appear *pro hac vice* in this matter.  (Dkt. 24.)  Concurrently, counsel for petitioner, Bruce A. McDermott and Teresa Byers of Garvey Schubert Barer, seek to withdraw as his attorneys.  (Dkt. 26.)  Having considered these requests, the Court finds and rules as follows:

(1)    As noted by counsel for petitioner, the Court has discretion to grant the motion to withdraw and such a request will "ordinarily be permitted" under the appropriate

ORDER DENYING MOTION TO WITHDRAW AND MOTION
TO VACATE ORDER ON APPLICATION TO APPEAR PRO
HAC VICE
PAGE -1

01  circumstances.  GR 2(g)(4)(A).  However, pursuant to Local General Rule 2(g)(1):

> Whenever a party has appeared by an attorney, the party cannot thereafter appear or act in his or her own behalf in the case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf, certifies in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he or she is represented by an attorney.

The local rules further provide that "[t]he authority and duty of attorneys of record shall continue until there shall be a substitution of some other attorney of record, except as herein otherwise expressly provided, and shall continue after final judgment for all proper purposes." GR 2(g)(3).  Additionally, while petitioner has been granted permission to proceed *pro hac vice* in this matter, that grant is conditioned on the appearance of "an associated attorney having an office in this district and admitted to practice in this court[.]"   GR 2(d).

In this case, petitioner has not sought to proceed *pro se*.  Nor has he identified substitute local counsel.  Given these circumstances, counsel's motion to withdraw (Dkt. 26) is, at this time, DENIED.  Counsel may renew the motion following an order of substitution in compliance with the above-described rules.

(2)   The Court also finds no basis at this juncture to grant respondent's motion to vacate the order on application for leave to appear *pro hac vice*.  Respondent's motion (Dkt. 24) is, therefore, DENIED.  However, as indicated above, petitioner will only be allowed to continue his participation in this matter *pro hac vice* with involvement of local counsel.  *See* GR 2(d).  Moreover, petitioner is advised that issues raised by respondent in the motion to vacate, such as that related to the Stipulated Protective Order entered into in a pending state

court action, could affect his self-representation.

(3) The Clerk is directed to send a copy of this Order to the parties.

DATED this 15th day of April, 2010.

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION TO WITHDRAW AND MOTION
TO VACATE ORDER ON APPLICATION TO APPEAR PRO
HAC VICE
PAGE -3